1  A. Barry Cappello, CSB 037835
   J. Paul Gignac, CSB 125676
2  Mikal J. Apenes, CSB 176229
   Troy A. Thielemann, CSB 174276
3  CAPPELLO & McCANN LLP
   831 State Street
4  Santa Barbara, California 93101
   Telephone: (805) 564-2444
5  Facsimile: (805) 965-5950

6  Tina B. Nieves, CSB 134384
   Hector G. Gancedo, CSB 132139
7  GANCEDO & NIEVES LLP
   119 E. Union Street, Suite G
8  Pasadena, California 91103
   Telephone: (626) 685-9800
9  Facsimile: (626) 685-9808

10 Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| LAWRENCE O'CONNOR, et al., | Case No. 97-1554 ABC (RCx) |
| Plaintiffs, | **CLASS ACTION** |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION** |
| BOEING NORTH AMERICAN, INC., et al., | |
| Defendants. | Date: July 13, 1998<br>Time: 9:30 a.m.<br>Place: Courtroom of the Honorable Audrey B. Collins |

02262.001 - 42496

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

2      PLEASE TAKE NOTICE that on July 13, 1998 at 9:30 a.m., or as soon thereafter as this matter may be heard by and before the Honorable Audrey B. Collins, in Courtroom 690 of this United States District Court, located at the Edward R. Roybal Center & Federal Building, 225 East Temple Street, Los Angeles, California, plaintiffs Lawrence O'Connor, Margaret O'Connor, Robert Grandinetti, Donald Reed, William Rueger, Mary Jane Vroman, Harold Samuels and Joyce Samuels (collectively, "the Representative Plaintiffs") shall move this Court, pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure, for an order:

    (1)  certifying, as to the first through fifth claims for relief alleged in the Fourth Amended Complaint on file in this action, a plaintiff class ("Class I") defined as follows: "All persons: (a) who presently reside or work in the Contamination Area[1] or who, at any time since 1946, have resided or worked in the Contamination Area; and (b) who have not been diagnosed with a type of cancer or other serious illness or disease[2] which may be attributed to exposure to the radioactive contaminants and/or hazardous, non-radioactive substances released from the Rocketdyne Facilities";[3]

    (2)  certifying, as to the tenth through nineteenth claims for relief alleged in the Fourth Amended Complaint on file in this action, a plaintiff class ("Class II") defined as follows: "All persons who own real property located within the Contamination Area";

    (3)  certifying, as to the twentieth and twenty-first claims for relief alleged in the Fourth

---

[1] The Contamination Area consists of a geographic region within the greater San Fernando and Simi Valley area through which radioactive contaminants and/or hazardous, non-radioactive substances released from the Rocketdyne Facilities were dispersed by means of air currents, surface water runoff, and subsurface groundwater. The boundaries of the Contamination Area are described in the toxic dispersion maps prepared by Plaintiffs' experts and filed concurrently herewith.

[2] The types of cancer or other serious illness or disease which may be attributed to the radioactive contaminants and/or hazardous, non-radioactive substances released from the Rocketdyne Facilities are set forth in the concurrently-filed Declaration of Dr. Vera S. Byers.

[3] "The Rocketdyne Facilities" refer collectively to: the Rocketdyne Division Santa Susana Field Laboratory located in Simi Hills, California; the Atomics International facility located on Victory Boulevard in Canoga Park, California; the Atomics International facility located on the 9000 block of De Soto Avenue in the San Fernando Valley; and the Hughes Aircraft facility located on Fallbrook Avenue in the San Fernando Valley.

Amended Complaint on file in this action, a plaintiff class ("Class III") defined as follows: "All persons who presently reside or work in the Contamination Area and/or who own real property located within the Contamination Area";

    (4)    excluding from Class I, any present or former employees of Defendants;

    (5)    excluding from Class II and Class III, Defendants, their parents, subsidiaries, divisions and affiliates;

    (6)    certifying Harold Samuels and Joyce Samuels as the representatives of Class I;

    (7)    certifying Lawrence O'Connor, Margaret O'Connor, Robert Grandinetti, Donald Reed, William Rueger and Mary Jane Vroman as the representatives of Class II and Class III; and

    (8)    appointing A. Barry Cappello and J. Paul Gignac, of the law firm of Cappello & McCann LLP, as Lead Class Counsel and Tina B. Nieves and Hector G. Gancedo, of the law firm of Gancedo & Nieves LLP, as Class Counsel.

This motion is brought on the grounds that this action properly may be certified as a class action under Rule 23(a) of the Federal Rules of Civil Procedure in that: (a) Class I, Class II and Class III are each so numerous that joinder of all members of each respective class in this action is impracticable; (b) the claims of the Representative Plaintiffs are typical of the claims of each member of the respective class(es) which they seek to represent; (c) there are questions of law and fact which are common to the members of each respective class; and (d) the Representative Plaintiffs will fairly and adequately represent and protect the interests of the respective class(es) which they are appointed to represent.

This motion is brought on the further grounds that Class I properly may be certified as a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure in that: (a) Defendants have acted and refused to act on grounds that are generally applicable to the members of Class I, thereby making appropriate final injunctive relief in the form of a comprehensive, court-supervised program of medical monitoring; and (b) Defendants have acted on grounds that are generally applicable to the members of Class I, thereby making appropriate final declaratory relief with respect to Class I as a whole.

///

1 This motion is brought on the additional grounds that Class II and Class III properly may
2 be certified as classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure in that: (a) the
3 questions of law and fact common to the members of Class II and Class III, respectively,
4 predominate over the questions of law and fact, if any, which affect only individual members of
5 Class II or Class III, respectively; and (b) a class action is superior to any other available methods
6 for the fair and efficient adjudication of the tenth through twenty-first claims for relief asserted in
7 this action.

8 As an alternative to certification under Rule 23 (b)(2) or (b)(3) of the Federal Rules of
9 Civil Procedure, and only if the Court determines that the proposed classes may not be certified
10 thereunder, the Representative Plaintiffs request that the Court enter an order, pursuant to Rule
11 23(c)(4) of the Federal Rules of Civil Procedure, permitting this action to be maintained as a class
12 action with respect to the following issues: (1) the liability of Defendants to the members of Class
13 I on the first through fifth claims for relief in the Fourth Amended Complaint; (2) the entitlement
14 of the members of Class I to the implementation of a comprehensive, court-supervised program of
15 medical monitoring; (3) the nature and extent of the medical monitoring program to which the
16 members of Class I are entitled; (4) the entitlement of the members of Class I to the declaratory
17 relief requested in the Fourth Amended Complaint; (5) the liability of Defendants to the members
18 of Class II on the tenth through nineteenth claims for relief in the Fourth Amended Complaint; (6)
19 the entitlement of the members of Class II to the mandatory injunctive relief requested in the
20 Fourth Amended Complaint; (7) the liability of Defendants to the members of Class III on the
21 twentieth and twenty-first claims for relief in the Fourth Amended Complaint; and (8) the
22 entitlement of the members of Class III to the mandatory injunctive relief requested in the Fourth
23 Amended Complaint.

24 This motion is based upon this Notice, the Memorandum of Points and Authorities filed in
25 support thereof, the expert witness and other declarations filed herewith as well as the exhibits
26 thereto, the pleadings and records on file in this action, of which the Court is requested to take
27 ///
28 ///

1  judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, and such additional oral
2  argument and documentary evidence as may be presented at the hearing on this motion.

4  Dated: April 14th, 1998                                         CAPPELLO & McCANN LLP

                                                                    By _____
                                                                         J. Paul Gignac
                                                                         Attorneys for Plaintiffs

<u>Lawrence O'Connor v. Boeing North American, Inc.</u>

Case No. CV 97-1554 ABC (RCx)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 831 State Street, Santa Barbara, California 93101.

On April 15, 1998, I served the foregoing document described as **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION** on the interested parties in this action

[X] by placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

John A. Reding, Esq.
William W. Schofield, Esq.
Barry E. Endick, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
345 California Street, Twenty-Ninth Floor
San Francisco, CA 94104-2635

[X] by California Overnight. I am readily familiar with the firm's practice of collection and processing correspondence on the same day with this courier service, for overnight delivery. The delivery fees are provided for in accordance with this firm's ordinary business practices.

[X] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

See attached Mailing List.

[X] by U. S. Mail. I am readily familiar with the firm's practice of collection and processing correspondence on the same day with postage thereon fully prepaid at Santa Barbara, California, in the ordinary course of business.

[X] (*FEDERAL*) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Santa Barbara, California, on April 15, 1998.

_____Diana G. Hirth_____                    _____Diana G. Hirth_____
TYPE OR PRINT NAME                                        SIGNATURE

02262.001 - 42496                          5

# MAILING LIST

Tina B. Nieves, Esq.
GANCEDO & NIEVES LLP
119 East Union Street
Suite G
Pasadena, CA  91103

W. Toliver Besson, Esq.
Robert S. Span, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1299 Ocean Avenue, Fifth Floor
Santa Monica, CA  90401-1078